Kelly Andrew Beall (SBN 162456)
kabeall@wolfewyman.com
Jennifer J. Maas (SBN 223384)
jjmaas@wolfewyman.com
WOLFE & WYMAN LLP
2301 Dupont Drive, Suite 300
Irvine, California 92612-7531
Telephone: (949) 475-9200
Facsimile: (949) 475-9203

Attorneys for Defendant
CITIMORTGAGE, INC.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA (FRESNO)

| | |
|---|---|
| BRIAN MITCHELL, KERI MITCHELL AKA KERI DELGADO, and STEPHANIE MITCHELL, <br><br>Plaintiff, <br><br>v. <br><br>CITIMORTGAGE, INC., A NEW YORK CORPORATION AND ITS SUCCESSOR IN INTEREST QUALITY LOAN SERVICE CORPORATION, A CALIFORNIA CORPORATION AND DOES 1 THROUGH 50, <br><br>Defendants. | Case No.: 12:cv-01790-AWI-MJS <br><br>[The Honorable Anthony W. Ishii] <br><br>**DEFENDANT CITIMORTGAGE, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' COMPLAINT PURSUANT TO FED. R. CIV. P., RULE 12(b)(6)** <br><br>*[Notice of Motion and Motion to Dismiss, Request for Judicial Notice and [Proposed] Order filed concurrently herewith]* <br><br>DATE: December 17, 2012 <br>TIME: 1:30 p.m. <br>CTRM: 2, 8th Floor <br><br>Action Filed: September 27, 2012 |

///
///
///
///
///

1218513.5

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiffs Brian Mitchell, Keri Mitchell a/k/a Keri Delgado, and Stephanie Mitchell (collectively, "Plaintiffs") initiated this lawsuit in an apparent attempt to avoid foreclosure on their Ivanhoe, California, property ("Subject Property"). Plaintiffs assert four causes of action against Defendants CitiMortgage, Inc. ("CMI") and Quality Loan Service Corporation ("QLS") by alleging that the Notice of Default ("NOD") recorded against the Subject Property is void with no legal effect because the arrearages stated on the NOD are inaccurate. However, each of Plaintiffs' claims, as set forth in more detail below, is inadequately pled and should be dismissed <u>without</u> leave to amend.

## II. SUMMARY OF PERTINENT FACTS AND ALLEGATIONS

Plaintiffs allege they obtained a loan from CMI in the approximate amount of $265,000.00 ("Subject Loan"), secured by a Deed of Trust encumbering the Subject Property. (*Complaint*, ¶ 7; *Request for Judicial Notice ("RJN")*, **Exhibit "1,"** *filed concurrently herewith*.) Plaintiffs claim that at some point in 2010, they sought and were granted a loan modification ("Loan Modification") and performed pursuant to the terms of the Loan Modification "for a period of time." (*Complaint*, ¶ 8; *See also* Declaration of Keri Mitchell in Support of Temporary Restraining Order ("K. Mitchell Dec."), ¶ 5, and Exhibit "A" thereto, attached as **Exhibit "3"** to *RJN*.) Pursuant to the terms of the Loan Modification, Plaintiffs were required to make monthly payments to CMI in the amount of $1,591.38, beginning on October 1, 2010. (K. Mitchell Dec., Exhibit "A," attached as **Exhibit "3"** to *RJN*.)

The exhibits to Plaintiff Keri Mitchell's declaration reflect that Plaintiffs made at least the minimum required payments due in October and November 2010 under the Loan Modification, but by December 2010, they began falling behind. (K. Mitchell Dec., Exhibits "C" and "E".) Plaintiffs admit in their Complaint that by early 2011, they experienced a downturn in their finances and "had difficulty in making the modified payment." (*Complaint*, ¶ 9; *see also* Memorandum of Point and Authorities in Support of Ex Parte Application for Temporary Restraining Order ("Ex Parte App."), 2:7-8, attached as **Exhibit "2"** to *RJN*.) While Plaintiffs claim they continued to make payments to CMI, they acknowledge they often did so in multiple installments. (*Complaint*, ¶ 9.)

However, the multiple installments paid by Plaintiffs each month were in an insufficient amount to meet to the minimum monthly payment amount required under the Loan Modification. As evidenced by the exhibits attached to Plaintiff Keri Mitchell's declaration, the multiple payments Plaintiffs made in December 2010, for the loan payment due on January 1, 2011, totaled only $800.00, and in nearly every subsequent month thereafter, Plaintiffs' multiple payments made each month were significantly less than the required monthly payment of $1,591.38. (K. Mitchell Dec., Exhibits "C" and "E," attached as **Exhibit "3"** to the *RJN*.) On average, Plaintiffs paid a total of only $800.00 in any given month, and on some occasions they paid only $400.00, while on other occasions they paid only $1,200.00. (K. Mitchell Dec., Exhibits "C" and "E," attached as **Exhibit "3"** to the *RJN*.) None of these payments were sufficient to satisfy the minimum payment amount of $1,591.38 under the terms of the Loan Modification.

As a consequence of Plaintiffs' failure to make the minimum required monthly payments on the Subject Loan, a Notice of Default ("NOD") was recorded on July 6, 2012. (*Complaint*, ¶ 11; K. Mitchell Dec., Exhibit F, attached as **Exhibit "3"** to *RJN*.) Plaintiffs acknowledge that the NOD reflects arrears of $19,854.55. (*Complaint*, ¶ 12; K. Mitchell Dec., Exhibit "F," attached as **Exhibit "3"** to *RJN*.) However, Plaintiffs also allege that CMI was holding $2,257.00 in a suspense account and that CMI had returned an additional $8,500.00 in funds to Plaintiff, the total of which is far less than the amount stated on the NOD as being in default. (*Complaint*, ¶¶ 12-13.)

### III. MOTION TO DISMISS

#### A. Standard of Review

A motion to dismiss under *Federal Rules of Civil Procedure*, Rule 12(b)(6), tests the legal sufficiency of the facts alleged in the Complaint. A motion to dismiss may be granted where the court determines that the facts alleged, if true, would not entitle a plaintiff to any relief. (*DeLaCruz v. Tormey,* 582 F.2d 45, 48 (9th Cir. 1978).)

"A plaintiff must allege 'more than bare assertions of legal conclusions…to satisfy federal notice pleading requirements. [Citation] '…a…complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory.'" (*Scheid v. Fanny Famer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988).) In

determining the sufficiency of the complaint, the court will assume that all factual allegations in the complaint are true and construe them in a light most favorable to Plaintiffs. However, the court is not "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." (*Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).)

In addition, "the court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." (*Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-755 (9th Cir. 1994); *see also Aulson v. Blanchard*, 83 F.3d 1, 3 (1st Cir. 1996) [the "deferential standard does not force on appellate court to swallow the plaintiff's invective hook, line, and sinker; bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like need not be credited."].) As the U.S. Supreme Court held in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do….Factual allegations must be enough to raise a right to relief above the speculative level…"

### B. Plaintiffs Fail to State a Claim for Slander of Title.

Slander and disparagement of title is a false and unprivileged disparagement, oral or written, of the title to real or personal property, resulting in actual pecuniary damage. (*Gudger v. Manton*, 21 Cal.2d 537, 541 (1943), disapproved on other grounds in *Albertson v. Raboff*, 46 Cal.2d 375, 381(1956).) Because an action for disparagement is based on pecuniary damage, it lies only where the damage has been suffered. (*Appel v. Burman*, 159 Cal.App.3d 1209, 1214 (1984).) To state a cause of action for slander of title, Plaintiffs must plead the following elements: publication, falsity, absence of privilege, and disparagement of another's land with malice which is relied upon by a third party, and which results in pecuniary loss. (*Id.* at 1214.)

Plaintiffs allege that CMI disparaged their title to the Subject Property by recording the NOD. The only basis for this claim is the contention that the NOD contains inaccurate information about the arrearages due on the Subject Loan. (*Complaint*, ¶ 14). However, Plaintiffs have failed to allege any facts supporting a claim for Slander of Title.

1. **The Statement on the NOD that the Subject Loan Was In Default is Not False.**

First, Plaintiffs have not sufficiently pled specific facts demonstrating that the NOD was false. As set forth above, Plaintiffs were behind on their loan payments and consistently failed to make timely payments under the terms of their modified loan, and as such, they cannot truthfully allege that their loan was not in default. In fact, Plaintiffs own allegations constitute an admission that their loan was, in fact, in default. Plaintiffs allege that CMI held $2,257.00 in unapplied funds in a suspense account and returned an additional $8,500.00 in payments to Plaintiffs. These unapplied and returned funds total a mere $10,757.00, nearly $9,100.00 less than the amount of the stated arrearage of $19,854.55 on the NOD. Therefore, by Plaintiffs' own admission, the Subject Loan was in default by nearly $9,100.00. Plaintiffs cannot claim that the NOD slanders title to the Subject Property because the statement made by the NOD that they were in default on the Subject Loan is true.

2. **The Allegation that the Amount of the Arrearage is Inaccurate is Insufficient to Support a Slander of Title Claim.**

It appears that Plaintiffs contend only that title is slandered because the NOD was false merely because the *amount* of the stated arrearage was inaccurate and not because they dispute the default status of the loan. However, this argument also is insufficient to support this claim.

In *Middlebrook-Anderson Co. v. Southwest Sav. & Loan Assn.*, 18 Cal.App.3d 1023 (1971), the court held that a notice of default "need not…state the amounts which are in default; it need only describe the nature of the breach." (*Id., citing Engelbertson v. Loan & Building Assn.*, 6 Cal.2d 477, 478-479 (1936); *Civ. Code* § 2924.) "There is nothing in [section 2924] which warrants the construction that a statement of the amount of the items is required." (*Engelbertson*, 6 Cal.2d at 479.) In addition,

> [a] valid notice of default 'must contain at least one correct statement of a breach of an obligation the deed of trust secures. Moreover, the breach described in the notice of default must be substantial enough to authorize the drastic remedy of non-judicial foreclosure. If a notice of default does not satisfy these requirements, then the notice is invalid and the lender cannot exercise the power of sale based on that notice. ( *Khan v. ReconTrust Co.*, WL 2571312 (N.D. Cal. 2012), *citing*

*Anolik v. EMC Mortgage Corp.*, 128 Cal.App.4th 1581, 1581 (2005).)

Further, "[a] notice of default is not void under Section 2924 where it contains only 'slight procedural irregularit[ies]' which result in no prejudice to the plaintiff." (*Knapp v. Doherty*, 123 Cal.App.4th 76, 94 (2003).)

Here, the NOD clearly indicates that the Subject Property is in foreclosure because Plaintiffs are behind on their loan payments, and it sets forth a reinstatement amount of $19,854.55. (K. Mitchell Dec., Exhibit F, attached as **Exhibit "3"** to *RJN*.)   Under California law, it is immaterial whether the amount required to reinstate the loan is accurate.  All that is required is a statement of the breach, which resulted from Plaintiffs' failure to make all of their required loan payments in a timely manner and for the full amount. (K. Mitchell Dec., Exhibits "C" and "E," attached as **Exhibit "3"** to *RJN*.) Nothing affirmatively requires that the NOD set forth the arrearages, and thus, Plaintiffs cannot seek to avoid the consequence of the NOD by simply alleging that the calculation of the arrearages is inaccurate.  Even assuming, *arguendo*, that the arrearage stated in the NOD is inaccurate, the Court of Appeal held in *Knapp* that a slight procedural irregularity in an NOD such as this, which does not result in prejudice to the borrower, does not render an NOD void. (*Knapp*, 123 Cal.App.4th at 94.)  Rather, California law provides that to reinstate a loan during the foreclosure reinstatement period (up to five business days before the trustee's sale), the borrower must tender an amount believed to be owed. (California *Civil Code* section 2924c(a)(1); *Bisno v. Sax*, 175 Cal.App.2d 714, 720 (1959); *Ravan v. Sayre*, 135 Cal.App.60, 64-65 (1933); *Engelbertson*, 6 Cal.2d at 478-479.)  Thus, a dispute over the reinstatement amount stated on the NOD does not render the NOD void, and the borrower remains obligated to attempt to cure the default by paying the amount believed to be owed if the borrower wishes to avoid foreclosure.

Here, even if, *arguendo*, there was a miscalculation of the amount required to reinstate the loan, it is evident that Plaintiffs were behind on their loan payments and in default under the terms of the Loan Modification.  Thus, any alleged miscalculation would not amount to anything more than a procedural irregularity and should not warrant a determination that the NOD constitutes a slander of the Subject Property's title.

### 3. Plaintiffs Do Not Allege Any Malice By CMI In Making the Purportedly False Statement.

In addition, the allegations in the Complaint are devoid of any facts suggesting CMI acted with malice in recording the NOD. As noted above, a slander of title claim requires that the liable party disparage another's land <u>with malice</u>, and without any allegations of malice, any purported disparagement does not constitute an actionable slander of title.

### 4. Plaintiffs Have Not Alleged any Pecuniary Loss.

Finally, Plaintiffs fail to allege that they have suffered any pecuniary loss as a consequence of the alleged slander of their title. Rather, they claim simply that the reinstatement amount stated on the NOD is inaccurate, without alleging that they suffered any harm as a consequence of that purported procedural defect. Damage is a required element of a Slander of Title claim, and without any allegation of harm suffered by Plaintiffs as a consequence of the alleged defect, this claim cannot survive. (*Appel,* 159 Cal.App.3d at 1214.)

Therefore, for all the foregoing reasons, Plaintiffs have not alleged sufficient facts giving rise to their claim for Slander of Title, and this claim should be dismissed.

### C. Plaintiffs Cannot State a Claim for Injunctive Relief

There is no claim for injunctive relief, as it is nothing more than a remedy. (*City of South Pasadena v. Department of Transportation,* 29 Cal.App.4th 1280, 1293 (1994).) Thus, Plaintiffs cannot state a claim for injunctive relief.

Nevertheless, a party seeking a preliminary injunction must do so by way of a noticed motion. (Fed. R. Civ. P. 65(a).) That party must establish: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm to the plaintiff in the absence of preliminary relief; (3) the balance of equities tipping in the plaintiff's favor; and (4) that an injunction is in the public interest. (*Winter v. Natural Resources Defense Council, Inc.,* 555 US 7, 129 S. Ct. 365, 374 (2008); *see also Amoco Prod. Co. v. Village of Gambell, Alaska,* 480 U.S. 531, 542 (1987).)

Here, even assuming, *arguendo,* injunctive relief was an affirmative claim, Plaintiffs' claim nonetheless fails for the same reasons that their Slander of Title claim fails. Specifically, Plaintiffs allege the NOD was defective when recorded because "the amount stated as in the suspense account

and the balance owing do not account for all funds received by CITIMORTGAGE, INC. Thus, it is ineffective for foreclosure proceedings." (*Complaint*, ¶ 16.) However, as articulated above, it is immaterial whether the calculation of the arrearages is correct in order to initiate foreclosure proceedings. (*Middlebrook-Anderson*, 18 Cal.App.3d 1023, citing *Engelbertson*, 6 Cal.2d at 478-479; *Civ. Code* § 2924.) Furthermore, although Plaintiffs contend that an additional $8,500.00 was returned to them, that amount still is insufficient to demonstrate that they were not in default on the Subject Loan.

As such, Plaintiffs have not alleged a sound basis for granting an injunction prohibiting CMI from engaging in any conduct in the future which respect to the Subject Loan or Subject Property. Thus, Plaintiffs' claim for Injunctive Relief is both improper and insufficiently pled and should be dismissed.

### D.  Plaintiffs Fail to State a Claim for Declaratory Relief.

A district court may exercise its jurisdiction over a claim for declaratory judgment "[i]in a case of actual controversy within its jurisdiction." (28 U.S.C. § 2201.) For declaratory relief, there must be a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant issuance of a declaratory judgment. (*Marin v. Lowe*, 8 F.3d 28 (9th Cir. 1993).) Unless an actual controversy exists, the district court is without power to grant declaratory relief. (*Garcia v. Brownell*, 236 F.2d 356, 357-358 (9th Cir. 1956).) The mere possibility, or even probability, that a person may in the future be adversely affected by official acts not yet threatened does not create an "actual controversy." (*Id.*) Issuing a judgment in a case without an actual controversy is an advisory opinion, which is prohibited by Article III of the United States Constitution. (*Hillblom v. United States*, 896 F.2d 426, 430 (9th Cir. 1990).)

Furthermore, California law recognizes that a claim for declaratory relief may be dismissed where the availability of another form of relief is adequate. (*General of America Ins. Co. v. Lilly*, 258 Cal.App.2d 465 (1968).) In *Lilly*, the Court of Appeal upheld the trial court's order sustaining a demurrer to the declaratory relief claim, finding that it was clear from the pleadings that the determination of issues which the plaintiff sought in the declaratory relief action was readily available to the plaintiff in other claims. (*Id.*)

MEMORANDUM OF POINTS AND AUTHORITIES

Here, the allegations in the Complaint suggest Plaintiffs are entitled to declaratory relief based on the unsupported notion that the NOD is false and that CMI lacks the power to foreclose. However, Plaintiffs have not alleged the existence of a controversy because, as discussed in more detail above, any purported defect in the amount of arrears does not render the NOD void. In addition, the judicially noticeable documents and the allegations in the Complaint demonstrate that Plaintiffs were in default on their loan obligation. Further, the Complaint does not include any allegations suggesting Plaintiffs are *not* in default. Instead, the allegations are focused on the contention that CMI has improperly calculated the amount required to reinstate the loan, which is insufficient to avoid the consequence of the default and the recordation of the NOD.

Finally, the relief Plaintiffs seek pursuant to their claim for Declaratory Relief is readily available to them in their other claims, if those other claims are sufficiently alleged.

Thus, for all the foregoing reasons, Plaintiffs have failed to allege the existence of a justiciable controversy, and their claim for Declaratory Relief should be dismissed.

E.   **Plaintiffs Fail to State a Claim for an Accounting.**

To state a claim for an accounting, a plaintiff must allege either that (1) a fiduciary relationship exists between the parties; or (2) the accounts are so complicated that an ordinary legal action demanding a fixed sum is impracticable. (5 *Witkin*, California Procedure 5th ed. "Pleadings" § 820; *Kritzer v. Lancaster,* 96 Cal.App.2d 1, 6-7 (1950).) Furthermore, a plaintiff must establish that money is owed *to* him, not *by* him. (*Teselle v. McLoughlin,* 173 Cal.App.4th 156, 179 (2009); *Brea v. McGlashan,* 3 Cal.App.2d 454, 460 (1934).)

Plaintiffs base their claim for an Accounting on the same set of facts which form the basis for their other claims, namely that Plaintiffs are unable to ascertain the amount required to cure the default under the Subject Loan. (*Complaint* ¶ 27.) However, this is insufficient to state a claim for an Accounting.

1.   **No Fiduciary Relationship Exists Between Plaintiffs and CMI.**

Preliminarily, Plaintiffs cannot state a claim for an Accounting against CMI because there is no fiduciary relationship between CMI and Plaintiffs. In *Nymark v. Heart Federal Sav. & Loan Assn.,* 231 Cal.App.3d 1089 (1991), the Court of Appeal held that a lender does not owe the

customer/borrower a duty in connection with the lender's in-house handling of a loan, and, as a matter of law, the relationship between a lender and its borrower is not fiduciary in nature. (*Id.* at 1093, n.1; *see also Kim v. Sumitomo Bank of California,* 17 Cal.App.4th 974, 978-979 (1993).) *Nymark* also held that "as a general rule, a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as mere lender of money." (*Id.* at 1096.) The court determined that "[l]iability to a borrower for negligence only arises when the lender 'actively participates' in the financed enterprise 'beyond the domain of the usual money lender.'" (*Id.* quoting *Connor v. Great Western Sav. & Loan Assn.,* 69 Cal.2d 850, 864 (1968).) As a matter of law, the relationship between a lender and its borrower is not fiduciary in nature. (*Nymark*, 231 Cal.App.3d at 1093, n.1; *see also Kim,* 17 Cal.App.4th at 978-979.) This rule has been deemed to apply not only to the original lender but also to loan servicers. (*Lingad v. Indymac Federal Bank,* 682 F.Supp.2d 1142, 1149 (E.D. Cal. 2010); *Castaneda v. Saxon Mortgage Services, Inc.*, 687 F.Supp.2d 1191, 1198 (E.D. Cal. 2009); *Marks v. Ocwen Loan Servicing,* 2009 WL 975792, 7 (N.D. Cal. 2009) (citing *Nymark*, 231 Cal.App.3d at 1096); *Azzini v. Countrywide Home Loans,* WL 5218042, 2 (S.D. Cal. 2009).)

   Plaintiffs offer no allegations suggesting that CMI's involvement in the Subject Loan "exceed[s] the scope of its conventional role as a mere lender of money" or that CMI has "actively participate[d] in the financed enterprise beyond the domain of the usual money lender." Therefore, Plaintiffs claim for an Accounting fails as a matter of law because Plaintiffs have not alleged and cannot allege the existence of a fiduciary relationship between CMI and Plaintiffs.

   Since Plaintiffs cannot allege that a fiduciary relationship exists between Plaintiffs and CMI, this claim can only survive if they allege that the accounts are so complicated that an ordinary legal action demanding a fixed sum is impracticable. However, they have failed to do so. Rather, Plaintiffs merely allege that they made payments to CMI in specified amounts that were either returned to them or held in a suspense account, rather than applied as payments on their loan. There is nothing complicated about determining the total amount of payments Plaintiffs made to CMI, the amount CMI purportedly returned and the amount allegedly held by CMI in a suspense account. Thus, the Complaint lacks allegations demonstrating that the accounts are too complicated for an

ordinary legal action.

### 2. **Plaintiffs have not Alleged Money is Owed to Them.**

Finally, regardless of the basis for Plaintiffs' Accounting claim (fiduciary relationship or complicated account), Plaintiffs are not entitled to an Accounting because they admit that they owe money on the Subject Loan and merely dispute the amount reflected on the NOD. (*Complaint*, ¶ 27.) Plaintiffs have not alleged facts demonstrating that money is owed *to* them but instead contend that money is owed *by* them to CMI, and they merely dispute the amount they owe.

Therefore, for all of the foregoing reasons, Plaintiffs have failed to allege sufficient facts to state a claim for an Accounting, and thus, the claim should be dismissed.

## IV. **CONCLUSION**

For all of the foregoing reasons, CMI respectfully requests that the Court grant its Motion to Dismiss Plaintiffs' Complaint without leave to amend and <u>with</u> prejudice on the grounds that Plaintiffs fail to state any claim upon which relief may be granted.

DATED: November 8, 2012      WOLFE & WYMAN LLP

By: ___/s/ Jennifer J. Maas___
KELLY ANDREW BEALL
JENNIFER J. MAAS
Attorneys for Defendant
**CITIMORTGAGE, INC.**



# PROOF OF SERVICE

STATE OF CALIFORNIA      )
                         ) ss.
COUNTY OF ORANGE         )

I, Cindy D. Gonzales, declare:

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action. My business address is 2301 Dupont Drive, Suite 300, Irvine, California 92612-7531.

On November 8, 2012, I served the document(s) described as **DEFENDANT CITIMORTGAGE, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' COMPLAINT PURSUANT TO FED. R. CIV. P., RULE 12(b)(6)** on all interested parties in said action by placing a true copy thereof in a sealed envelope addressed as stated on the ATTACHED SERVICE LIST.

☐ **BY MAIL**: as follows:

  ☐ **STATE** - I am "readily familiar" with Wolfe & Wyman LLP's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Irvine, California, in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in affidavit.

  ☐ **FEDERAL** – I deposited such envelope in the U.S. Mail at Irvine, California, with postage thereon fully prepaid.

☒ **BY ELECTRONIC ACCESS** Pursuant to Electronic Filing Court Order, I hereby certify that the above document(s) was uploaded to the website and will be posted on the website by the close of the next business day and the webmaster will give e-mail notification to all parties.

☐ **BY PERSONAL SERVICE** as follows: I caused a copy of such document(s) to be delivered by hand to the offices of the addressee between the hours of 9:00 A.M. and 5:00 P.M.

☐ **BY OVERNIGHT COURIER SERVICE** as follows: I caused such envelope to be delivered by overnight courier service to the offices of the addressee. The envelope was deposited in or with a facility regularly maintained by the overnight courier service with delivery fees paid or provided for.

☐ **BY FACSIMILE** as follows: I caused such documents to be transmitted to the telephone number of the addressee listed on the attached service list, by use of facsimile machine telephone number. The facsimile machine used complied with California Rules of Court, Rule 2004 and no error was reported by the machine. Pursuant to California Rules of Court, Rule 2006(d), a transmission record of the transmission was printed.

☐ **STATE**    I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☒ **FEDERAL**    I declare that I am employed in the offices of a member of the State Bar of this Court at whose direction the service was made.

Executed on November 8, 2012, at Irvine, California.

_____
Cindy D. Gonzales

1205706.1

## SERVICE LIST
### USDC – Eastern District, Fresno-Case No. 12-cv-01790-AWI-MJS
### MITCHELL v. CITIMORTGAGE, INC.; et al.
### W&W File No. 1133-1038
### [Revised: 11/6/12]

| | |
|---|---|
| Steven M. Koch, Esq.<br>GUBLER, KOCH, DEGN & GOMEZ LLP<br>1110 N. Chinowth Street<br>Visalia, CA 93291 | Attorney for Plaintiffs<br>BRIAN MITCHELL, KERI MITCHELL and STEPHANIE MITCHELL<br>Tel: (559) 625-9600<br>Fax: (559) 625-9605 |



1205706.1