IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN MITCHELL, et al., ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> CITIMORTGAGE, INC., et al., ) <br> ) <br> Defendants. ) <br> _____ ) | 1:12-CV- 1790 AWI MJS <br><br> ORDER VACATING HEARING AND REMANDING ACTION TO THE TULARE COUNTY SUPERIOR COURT <br><br> (Doc. No. 19) |

      This is a mortgage case that was removed by Defendant Citimortgage ("Citi") from the Tulare County Superior Court.  Currently set for hearing on December 17, 2012, is Citi's motion to dismiss.  After further review, no hearing is necessary to resolve the matter.

*Legal Standard*

      A district court has "a duty to establish subject matter jurisdiction over the removed action *sua sponte*, whether the parties raised the issue or not." United Investors Life Ins. Co. v. Waddell & Reed, Inc., 360 F.3d 960, 967 (9th Cir. 2004).  The removal statute (28 U.S.C. § 1441) is strictly construed against removal jurisdiction. Geographic Expeditions, Inc. v. Estate of Lhotka, 599 F.3d 1102, 1107 (9th Cir. 2010); Provincial Gov't of Marinduque v. Placer Dome, Inc., 582 F.3d 1083, 1087 (9th Cir. 2009).  It is presumed that a case lies outside the limited jurisdiction of the federal courts, and the burden of establishing the contrary rests upon the party asserting jurisdiction. Geographic Expeditions, 599 F.3d at 1106-07; Hunter v. Philip Morris

USA, 582 F.3d 1039, 1042 (9th Cir. 2009).  "The strong presumption against removal jurisdiction" means that "the court resolves all ambiguity in favor of remand to state court." Hunter, 582 F.3d at 1042; Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).  That is, federal jurisdiction over a removed case "must be rejected if there is any doubt as to the right of removal in the first instance." Geographic Expeditions, 599 F.3d at 1107; Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996); Gaus, 980 F.2d at 566.  "If at any time prior to judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); Gibson v. Chrysler Corp., 261 F.3d 927, 932 (9th Cir. 2001).  Remand under 28 U.S.C. § 1447(c) "is mandatory, not discretionary." Bruns v. NCUA, 122 F.3d 1251, 1257 (9th Cir. 1997); see California ex. rel. Lockyer v. Dynegy, Inc., 375 F.3d 831, 838 (9th Cir. 2004).  In other words, the court "must dismiss a case when it determines that it lacks subject matter jurisdiction, whether or not a party has filed a motion." Page v. City of Southfield, 45 F.3d 128, 133 (6th Cir. 1995).

      A federal court may exercise jurisdiction over a case through diversity jurisdiction if the amount in controversy exceeds $75,000.00 and there is diversity of citizenship.  See 28 U.S.C. § 1332(a).  The diversity of citizenship must be complete, that is, "each of the plaintiffs must be a citizen of a different state than each of the defendant." Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001) (citing Caterpillar, Inc. v. Lewis, 519 U.S. 61, 68 (1996)). However, the court "must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversies." Navarro Sav. Ass'n v. Lee, 446 U.S. 458, 461 (1980); Kuntz v. Lamar Corp., 385 F.3d 1177, 1183 (9th Cir. 2004).  Further, when a case is removed on the basis of diversity jurisdiction, and the complaint is ambiguous as to the amount in controversy, the proponent must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.00.  Guglielmino v. McKee Foods Corp., 506 F.3d 696, 699 (9th Cir. 2007); Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 404 (9th Cir. 1998).  The proponent must actually provide evidence that establishes that it is more likely than not that the amount in controversy exceeds $75,000.  Guglielmino, 506 F.3d at 699; Sanchez, 102 F.3d at 404.

*Discussion*

In this case, Citi contends that this Court has diversity jurisdiction. Citi contends that it is a citizen of New York and Missouri and that Plaintiffs are citizens of California. See Doc. No. 1 at ¶ 4. Plaintiffs allege that Defendant Quality Loan Services ("QLS") is a California corporation. See Complaint at ¶ 4. Citing *Hafiz v. Greenpoint Mortg. Funding, Inc.*, 652 F.Supp.2d 1050 (N.D. Cal. 2009), Citi contends that the citizenship of QLS may be ignored because QLS is only a substitute trustee and thus, is a nominal party. The Court disagrees.

In *Hafiz*, QLS had filed in the state court a declaration of non-monetary status under California Civil Code § 2924*l*, and the plaintiffs had not objected to that declaration. See Hafiz, 652 F.Supp.2d at 1052. The *Hafiz* court held, "[w]hen a trustee under a deed of trust files a declaration of non-monetary status, the party is transformed into a 'nominal' party, thus excusing it from participating in the action." Id. However, courts have distinguished *Hafiz* where the requirements of § 2924*l* have not been followed. When a trustee has not completed the requirements of § 2924*l*, courts have held that the trustee is not a nominal party and have remanded the removed cases back to state court. E.g. Camino v. America's Servicing Co., 2012 U.S. Dist. LEXIS 73376 (C.D. Cal. May 21, 2012); Silva v. Wells Fargo Bank NA, 2011 U.S. Dist. LEXIS 64636 (C.D. Cal. June 16, 2011); Wise v. Suntrust Mortg., Inc., 2011 U.S. Dist. LEXIS 44430 (N.D. Cal. Apr. 18, 2011).

Here, the notice of removal states that QLS had not yet been served with Plaintiffs' complaint at the time of removal. See Doc. No. 1 at ¶ 4. Further, the only documents attached to the notice of removal were a copy of Plaintiffs' complaint and documents associated with a motion for a restraining order (including declarations). There is absolutely no indication that QLS has attempted to comply with Civil Code § 2924*l*. Thus, Citi has failed to establish that QLS is a nominal party or that compete diversity between the parties exists.[1]

---

[1] Additionally, the Court notes that Plaintiffs are not challenging the validity of the loan, nor do they contend that they do not owe money on the loan. Rather, Plaintiffs are challenging the validity of the notice of default, and in particular whether the amount of money in arrears, and the amount necessary to cure, are correctly stated. That is, the dispute between Citi and Plaintiffs is whether there has been a default, and, if so, the actual amount of that default. The notice of default states that Plaintiffs are approximately $20,000 in default. Under these circumstances, it is not clear that the amount in controversy exceeds $75,000.00.

3

*Conclusion*

Given the absence of any indication that QLS complied with § 2924*l*, and the strong presumption against jurisdiction, the Court must resolve its doubts against jurisdiction. See Geographic Expeditions, 599 F.3d at 1107; Gaus, 980 F.2d 564, 566   In the absence of subject matter jurisdiction, this case must be remanded to the Tulare County Superior Court. See Bruns, 122 F.3d at 1257; Page, 45 F.3d at 133.

**ORDER**

Accordingly,   IT IS HEREBY ORDERED that:

1. The December 17, 2012, hearing date is VACATED;
2. Pursuant to 28 U.S.C. § 1447(c), this matter is REMANDED forthwith to the Tulare County Superior Court; and
3. Defendant Citimortgage's motion to dismiss (Doc. No. 19) is DENIED without prejudice.

IT IS SO ORDERED.

Dated:   December 11, 2012

UNITED STATES DISTRICT JUDGE